# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-0691V

|  |  |
|---|---|
| NANCY HARRISON,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: July 21, 2025 |

*Isaiah Richard Kalinowski*, Bosson Legal Group, Fairfax, VA, for Petitioner.

*Eleanor Hanson*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On May 10, 2023, Nancy Harrison filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that following an influenza vaccine she received on August 18, 2020, and a Prevnar 13 vaccine she received on August 22, 2020, she suffered "injuries" to her left arm that developed into complex regional pain syndrome, or alternatively that the vaccines significantly aggravated a pre-existing injury. Petition,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

ECF No. 1. On March 26, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 35.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $43,957.43 (representing $42,135.34 in fees and costs incurred by Petitioner's counsel of record Isaiah Kalinowski, plus $1,774.50 in fees incurred by Petitioner's former counsel Jeffrey S. Pop, and $47.59 in out-of-pocket expenses incurred by the Petitioner). Application for Attorneys' Fees and Costs ("Motion") filed April 7, 2025, ECF No. 39. Also, on April 7, 2025, Petitioner filed a signed statement indicating Petitioner incurred $47.59 in out-of-pocket expenses, ECF No. 40-3 at 1.

Respondent reacted to the motion on April 8, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 42. Also, on April 8, 2025, Petitioner filed a reply requesting that the amount of fees and costs listed in Petitioner's motion be awarded. ECF No. 43.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

2

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through the end of 2023 are reasonable and consistent with our prior determinations. Petitioner has requested an hourly rate of $480.00 for 2024 work performed by attorney Isaiah Kalinowski, representing a rate increase of $35.00 from the previous year.  Petitioner has also requested an hourly rate of $504.00 for 2025 work performed by attorney Isaiah Kalinowski, representing a rate increase of $24.00 from the previous year.  I find the proposed rates to be reasonable and hereby award them herein.

However, a few of the tasks performed by attorney Isaiah Kalinowski in this matter are more properly billed using a paralegal rate.[3] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009).  "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Although these billing entries reflect reasonably performed tasks, they must be charged at a reduced rate comparable to that of a paralegal. **Application of the foregoing reduces the amount of fees to be awarded by $260.40.**[4]

---

[3] Entries considered paralegal in nature include drafting requests for medical records, following up on medical records requests, bate stamping documents, drafting basic documents such as an exhibit list, PAR questionnaire, notice of filing, notice of intent, statement of completion, cover sheet, joint notice not to seek review. See billing entries dated: 5/24/2023 (three entries), 7/6/2024, 3/26/2025. ECF No. 40-1 at 13-41.

[4] This amount is calculated as follows: ($445.00 - $165.00 = $280.00 x .30 hrs.) + ($480.00 – $187.00 = $293.00 x .50 hrs.) + ($504.00 - $205.00 = $299.00 x .10 hrs.) = $260.40.

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 40-1 at 13-41. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorney's fees and costs in the total amount of $43,697.03 as follows:**

**A lump sum of $41,874.94, representing reimbursement for attorney's fees and costs, to be paid through an ACH deposit to Petitioner's counsel of record: Isaiah Kalinowski's IOLTA account for prompt disbursement; and**

**A lump sum of $47.59, representing reimbursement for Petitioner's out-of-pocket expenses, to be paid through an ACH deposit to Petitioner's counsel of record: Isaiah Kalinowski's IOLTA account for prompt disbursement; and**

**A lump sum of $1,774.50, representing reimbursement for attorney's fees to be paid through an ACH deposit to Petitioner's former counsel: Jeffrey S. Pop's IOLTA account for prompt disbursement.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.